The Fourth District Appellate Court of the State of Illinois has now convened. The Honorable John W. Turner presiding. Thank you. Good morning. We're here on case number 4-2-1-0-6-7-7. People v. Beverly. Would counsel for the appellate please identify yourself. Mariah Shaver on behalf of David Beverly. Thank you. And counsel for the appellate, would you please state your name for the record. Timothy Lodrigan. I'm with the State's Attorney's Appellate Prosecutor's Office. Thank you. Ms. Shaver, you may proceed with your argument. Thank you, Your Honor. May it please the court, counsel. Good morning. On behalf of the Office of the State Appellate Defender, my name is Mariah Shaver and I represent David Beverly. The post-conviction process failed David at every step of the way. At the first stage, David's attorney did not adequately present all the claims in his petition. Then at the second stage, the court dismissed claims that made a substantial showing of a constitutional deprivation. And at the third stage, counsel made errors related to the evidentiary hearing. As a result, David did not get to fully present all of his claims. The claims that are the subject of this appeal generally fall into two main categories. Claims regarding forensic cell phone evidence showing David was not present when Arsenio was shot and occurrence witnesses who would either testify that David was not present at the time of the shooting or was not the person they thought was the shooter. All of which would prove David did not shoot Arsenio. Because the entire post-conviction process was unreliable, we are asking that the matter be remanded so David can file an amended petition with the assistance of new counsel. First, David's claims that trial counsel should have used forensic cell phone evidence to show he wasn't at Oakwood Trace when Arsenio was shot should have advanced to the third stage. At the second stage, David only had to make a substantial showing that if the claims were proved at an evidentiary hearing, trial counsel was ineffective for failing to present evidence from the geolocational data from his phone that showed he was not present when the shooting occurred. He attached a copy of his phone records to his petition. At an evidentiary hearing, David could prove his claim by presenting expert testimony explaining how the data in those records provides the location of the phone when it was in use and that this shows the phone wasn't at Oakwood Trace at 6 o'clock. He also could have presented evidence from the other party to the calls he took and placed during that time to prove the possession. Cynthia testified that she had spoken to David on the phone often and that he called her around 6 o'clock. She could easily have confirmed that any of the calls reflected on the phone records were to her phone number. Wendy also testified that David called her asking for a ride and could likely have provided similar testimony. Ms. Shaver, may I interrupt you for a moment and just ask a specific question about the geolocational data that you're referring to in his petition. What did the defendant allege specifically in the way of facts that suggest that the data that was available could have led to facts reflecting his actual location? Your Honor, he did not allege many facts. If there are concerns that the petition did not make a substantial showing that trial counsel was ineffective for failing to present that geolocational data, that's only because post-conviction counsel failed to sufficiently support that claim. Post-conviction counsel had a duty under the act to provide evidentiary support for any of the claims in her petition or to at least explain why the evidence was not available. So, if the court finds that the claim was not sufficiently presented to advance to the third stage, that's because post-conviction counsel provided unreasonable assistance in presenting it without the necessary supporting documentation or explanation in the petition. What are you saying then that counsel should have done? You explained in a broad sense to either obtain the what counsel, given this is very technical data, what was the minimum effort that the post-conviction counsel had to engage in here specifically? Your Honor, I think the kinds of things counsel could have included are, at the least, in the petition explain how the tower information, she did a little in her response say the times and the tower numbers, but we don't know, based on what she presented, where those towers are or what that information means. She could have gotten from the cell phone company. She potentially could have asked Detective Simons for an affidavit. She could have consulted with an expert and provided her own affidavit, kind of proffering what it was that that information meant. But at this point, we simply just don't know what that tower information would mean. She did not explain how it would show that the phone was not at Oakwood Trace or show where the phone was. And we needed some additional information from her. Again, I don't think that she needed to provide a full report showing all the triangulation information, but I think she needed to show more specifically what the data could show, what it would show, if she were to call those witnesses to testify. Counsel, for all I know, it could have been inculpatory, right? Yes, Your Honor. And that's because counsel did not fully present this claim. We just don't know exactly what it would have shown. I don't think it's disputed that the technology exists to get some information from that, but we just don't know. But that's because counsel failed to and that's how David was prejudiced by counsel's shortcoming. Failure to fully present those claims denied him the opportunity to have his claims fully reviewed either by the trial court or by this court. If counsel recognized that a claim needed to be pled, then it was unreasonable not to make a complete and adequately supported pleading on that claim. But counsel, to Justice Turner's point, you're not prejudiced if the information would have been inculpatory. Your Honor, I think at this point, the biggest piece of prejudice that we have is that we don't know what the evidence would show. Counsel did allege, and I believe David did in his affidavit as well, that this would have been exculpatory information, that it would have shown that the phone was not an Oakwood trace. And at that second stage pleading, we do take those facts as true or they're not rebutted by the record. There was no contrary evidence about the cell phone records presented at trial. Do we accept that as true if it's just a blanket conclusion? I mean, is he competent to interpret this data? Your Honor, again, any concerns about the lack of sufficiency of the pleading goes to counsel's unreasonable assistance in not adequately supporting that claim. Anything that we don't have in the record that the court needs is because counsel didn't give us what we need to fully assess those claims. And that denied David, again, the opportunity to have both the trial court and this court review those claims. In addition to failing to fully support the geolocational data claim, that wouldn't be the only deficiency in counsel's petition. Post-conviction counsel was aware of four occurrence witnesses that would have testified that David was not present at the time of the shooter. Reasonable assistance in preparing a post-conviction petition has to, at the least, require counsel to present claims in a way that could potentially obtain relief. Post-conviction counsel alleged that trial counsel was ineffective for failing to call Joseph Carter, Jason Eatman, Darnell Hayes, and Talanda Boykins. But counsel did not properly present any of those claims in a way that could have gotten David relief. First, she did not allege that trial counsel knew that Joseph Carter or Jason Eatman could provide relevant testimony. As the trial court found, there's no evidence in the record suggesting that trial counsel had any way to know that Joseph had information about the shooting beyond what he told the police. And Jason Eatman's affidavit included that he had not spoken to the police previously. And David's affidavit as well stated that Jason's contact information was not provided in the discovery. So there's no reason to think trial counsel even knew that Jason existed at all as a potential witness. But nonetheless, post-conviction counsel alleged that trial counsel was ineffective for failing to call both Joseph and Jason. Because trial counsel could not have been ineffective for failing to present evidence he had no knowledge of, these claims were destined to fail, and the court had no choice but to deny David relief on those claims. David was prejudiced by counsel's performance to properly frame these raised as claims of actual innocence. To make a substantial showing of actual innocence, a defendant needs to present new material, non-cumulative evidence that is so conclusive it would probably change the results on retrial. Joseph's affidavit is new because it did not exist at the time of trial and contained information that was not previously available. And similarly, Jason's affidavit did not exist at the time of trial and he had not talked to the he was a potential witness at the time of trial. So his affidavit is also newly discovered. How would any of these be characterized as conclusive? Aren't they just contradicting other witnesses? Yeah, and I think what would make this conclusive evidence is that the only that the main evidence against David at trial was one witness, Dreshana Caston, testifying that he was a shooter. Because there were potentially four witnesses who would have come in and challenged Dreshana's credibility. That would have conclusively changed the results of trial. Dreshana's credibility was already challenged at trial and the jury obviously recognized that when they deliberated for six hours and asked a question that showed they were at least considering David's defense. Dreshana's credibility was problematic already. She testified that she did not hear what Robert that she she testified that she did not hear what Robert and but then detective Funkhauser said he she heard she told him she heard them talking about Rakeem's murder. She told detective Waltzell she couldn't hear what they were talking about. Again contradicting her testimony. She testified that the shooter had on light jeans but she told one of the detectives that the shooter had on black jeans. She made inconsistent statements regarding who was standing in a circle with Joseph Carter at the barbecue. Inconsistent statements about whether she saw David at the barbecue before he walked up to the car when they were initially there. She testified that she knew a ton of people at the barbecue but told an officer she didn't know anyone else who was there. And it was only after she was confronted with a text from Christopher Hugger, her uncle, that she had originally said was Christopher Brown that she admitted who he was and that he was there. In this case the gun that was used was and the only evidence was Trishana's identification. If multiple witnesses have presented testimony challenging that identification there's a reasonable probability the jury would have acquitted David. So because these claims had merit if they had been properly presented as actual innocent claims, post-conviction counsel provided unreasonable assistance when she failed to properly frame them that way. Additionally because post-conviction counsel failed to include evidence supporting the claim regarding Darnell Hayes, we don't know any details about the alleged exonerating testimony that he would have given. Counsel provided no proffer as to what Darnell's testimony would be. No affidavit for him or any explanation why an affidavit was not available despite the fact that this was required by the act. This tied the court's hands as to this claim and had no choice but to submit to dismiss it it was unsupported. And as to Talanda Boykins, counsel abandoned that claim at the evidentiary hearing when she presented absolutely no evidence in support of it. Talanda's affidavit indicated she would testify that David was not present at the time of the shooting. She would also have corroborated David's testimony that he had an innocuous reason to have hospital gloves in his pocket when he was arrested that night. Talanda was under subpoena but counsel did not request a affidavit. Counsel again gave the court no opportunity to grant David relief on this claim because she failed to support it in any way at the evidentiary hearing. Post-conviction counsel's performance was deficient because she did not present any of the claims regarding the four potential occurrence witnesses in a way that provided David an avenue for relief. This caused David prejudice because the testimony of these witnesses would have changed the outcome of trial. David testified and continues to assert in his petition that he was not at Oakwood Trace when Arsenio was shot. He left the barbecue with Wendy around four and did not go back. Around six o'clock he was busy trying to discreetly juggle his romantic endeavors by meeting with Cynthia without Wendy and Cynthia seeing each other. Multiple witnesses saying that he was not present at the time of the shooting or that they saw someone else they believed was the shooter along with that geolocational data showing his phone was not at Oakwood Trace all would have corroborated his testimony and would have swayed the jury into acquitting him. The evidence would have supported the defense's case from from two different angles. It would have corroborated David's perspective that he couldn't have been at Oakwood Trace around six because he was busy finding his way to Panera at that time and it also would have given the perspective of what was happening at Oakwood Trace where nobody saw him there or recognized him as the shooter. These pieces of evidence all connect and build upon each other to break down the credibility of that lone witness that identified him as the shooter. The evidence was never presented to the jury because the system has failed David all along the way. On direct appeal this court found two errors occurred at trial when the jury was presented inadmissible evidence related to David posting lyrics from a rap song on Facebook, an officer referring to an IDOC photo. David's petition revealed that in addition to the jury receiving that inadmissible evidence it was not given the benefit of hearing critical evidence proving he was not at the scene and could not have committed this offense. Some of the evidence was not made available to the jury because trial counsel failed to present it and other evidence was not presented to the jury because it was not discovered until after trial. Then during the post-conviction proceeding David's attorney failed to adequately present all of his claims in her petition and that denied him the possibility of obtaining relief on those claims. The court then failed to advance meritorious claims to the third stage where David could get relief on those issues and finally post-conviction counsel made errors in presenting the two claims that did proceed to the hearing. All of the pieces fit together to support both sides of David's I wasn't there he at what stage all of the deficiencies in this case are interconnected and together they resulted in an unreliable outcome from start to finish. Because David's petition made a substantial showing that he was deprived of the effective assistance of trial counsel and because post-conviction counsel provided unreasonable assistance in adequately presenting his claims we're asking this court to remand the matter for David to have the opportunity to file an amended petition or in the alternative for a new evidentiary hearing on all of the claims that should have advanced to the third stage with the assistance of new counsel. Thank you. I see no questions. Thank you counsel. You will have rebuttal. Mr. Laundergan your argument now please. Thank you your honors. May it please the court and counsel although the state disagrees of course with each issue raised by the defendant now on appeal this is a pretty interesting case when it comes down to what is the duty of post-conviction counsel and if I'm understanding defendant's arguments I think there's some concession that the petition as it is currently drafted is insufficient and the evidence that was presented before the court at the second stage justified the court's actions in dismissing several of the allegations made in that petition. I hear the defendant saying though that it was post-conviction counsel's duty to have prepared the petition in such a fashion as to avoid that type of outcome and allow these things to proceed to an evidentiary hearing. So the question then becomes what is post-conviction counsel's duty as it pertains to putting a defendant's petition in appropriate form. The duty of post-conviction counsel in every case that I've been able to review comes down to 651 c. I think everyone recognizes or every court decision that I've read announces that the defendant in a post-conviction petition is not entitled to effective assistance of counsel. He is however entitled to reasonable assistance of counsel. So that term reasonable assistance needs definition. That definition is normally found in 651 c and there's three criteria that 651 c requires the counsel discuss the situation with defendant that he examined the record of proceedings and that he make amendments to the petition that are necessary for an adequate presentation of the petitioner's concerns. So it is the third I believe obligation that is normally contested. I don't believe the first two are contested by defendant in this matter. So the cases that I've discovered and I think the cases that defendant has cited in his or her brief all deal with the Supreme Court's efforts in defining that third term. Interesting in People v. Johnson the 1980s is it 83? I think it's 93. It is 93. People v. Johnson the Supreme Court dealt with what post-conviction counsel was required to do where the petition named specifically the defendant's pro se petition specifically identified several witnesses that could offer testimony in support of his position. In that case the Supreme Court found that it was improper for the court appointed attorney not to have inquired of those witnesses and to provide an affidavit of them if it was necessary. However, the court also noted in that same decision well I guess it pointed the distinction in that case and discussing 651c as the post-conviction counsel did not file an affidavit alleging that they had satisfied the obligations contained in that rule. And the court said that the Supreme Court noted that the record reflected that even though an affidavit is not always required where the record firmly establishes that post-conviction counsel has not satisfied these duties that there's a problem. That they found that there was not adequate representation. However, the court in the same decision said that post-conviction counsel is under no obligation to actively search for sources outside the record that may support general claims. In that same year the Supreme Court did not entertain people versus Davis which is the case I relied upon primarily in my brief. And in there the case the court is dealing with whether that post-conviction counsel was required to provide or to investigate the allegations in a defendant's petition. What the court said in Davis was that the it recognized that the initial petition the initial stage was the most critical. And that it concluded that it stands to reason petitioner is not entitled to counsel at this critical juncture. Then counsel has no duty to explore investigate or formulate potential claims. So that would suggest to me that if a if the defendant is required to do that then counsel court appointed counsel has no obligation to do that. Because these things must be done at the initial stage the time that the initial petition was filed. Then we get to the Supreme Court's recent decision in Johnson more recent anyway the 2018 in which they suggest that if a counsel if a defendant hires private counsel uh does what does a private counsel's obligations become under 651c at the initial stage proceedings. The court ruled private counsel does have a duty to provide reasonable assistance against. So they adopted that and indicated that even private counsel at the first stage of proceedings does have that obligation. Well again what is reasonable assistance? And in the 2018 case of Johnson the Supreme Court determined that if it is of record that counsel has an obligation to investigate things that are of record but does not have that same obligation to go outside the record. So from the best that I can put together it's the state's position that post-conviction counsel does not have an obligation to investigate the petitioner's claims that are outside the record. However post-conviction counsel at the first stage of proceedings is required to put in the petition every claim that the that the petitioner makes even regardless I suppose of whether counsel feels it's justified. Because that's what Johnson's saying in the 2018 decision it is the obligation they're concerned there the Supreme Court's concerned that if counsel doesn't perform its function that what's going to happen is that potential claims that the defendant wanted to have raised and that could have been raised were not raised. So counsel has an affirmative obligation to put down every claim that a defendant makes regardless of whether counsel feels there's sufficient evidence or justification to warrant that claim. Mr. Laundry how would you apply all of that to defendant's argument about the phone records as far as the obligation or duty of counsel? The phone records are interesting I mean I'm not contesting what the phone records could actually reveal because I don't know and I don't think the trial court knew either. The phone records that are attached to the petition are insufficient to clarify what the phone could possibly reveal. You know we have to assume that defense counsel did his job and he may have investigated the phone and what geolocation or data is available to be downloaded from a phone. I don't know if you can trace a phone's location weeks or months or years after the phone's use but let's assume that you can. What does that data reveal? Isn't the defendant obligated to put in some form by way of an affidavit or some record suggesting that there is evidence out there that what established this particular phone was not at the location of the murder at the time of the murder. You know what it does now it identifies cells but it doesn't or towers I suppose is what it identifies and times of calls but it doesn't say where the towers are. It doesn't say that the phone can be located at any specific time. So I think that we require at a minimum an affidavit from somebody suggesting that there is evidence out there that would establish this phone was not at the scene at the murder at the time of the murder. What about counsel's suggestion that it's ineffective assistance for post-conviction counsel not to have obtained that you're just describing? Yes I don't believe 651c puts that obligation on post-conviction counsel because that information is outside of the record. The only thing in the record was what was attached and those are the phone records of that particular phone but those records in and of themselves are insufficient to establish the claim that's being made there. So there's something more that needs to be required and it's what's more is outside the record and I've seen no case that would suggest that post-conviction counsel has an obligation to basically scour the earth to investigate every potential claim made by a defendant and to determine whether or not there's evidence somewhere in the world that would support it. It is an interesting claim. Does this meet that description where we do have evidence that gives an idea where the defendant assuming he had the phone where the defendant was at given times and considering how unrealistic it may be for an incarcerated defendant to get that information himself does that obligation flow to counsel? In other words they're not scouring the earth for possibilities they're looking for possibly the only source of interpretation. Well I understand the limitations placed on a defendant I also understand that this is information if it's exculpatory you know everybody would want to know where it is but we can talk about possibilities almost endlessly. So who does have that obligation? I mean this is a very good question. Does court-appointed counsel or does even private counsel does 651c require post-conviction counsel to do this investigation or are they limited to simply reviewing what's in the record? And I would say the latter. I don't think they have affirmative obligation under 651c as that has been explained in every court case that I've seen to go outside the record to try to find evidence and support. The closest case would have been the 93 people versus Johnson case in which where the defendant has identified specific witnesses and specific information as to what those witnesses would testify to. Court-appointed counsel had an obligation and that supreme court case to at least speak to those witnesses and obtain an affidavit from them. Does this fall closer to that because the data is the equivalent of the witness and for the attorney to interview the witness they need to get the appropriate understanding of what the witness says. I understand where you're coming from judge but I don't think the records of themselves are sufficient specificity. I think the defendant needs to say this person if called to testify would testify that my phone has the capability of identifying where I was on the day and time of this murder. We kind of know that about phones that they ping off of certain towers. They ping off towers? I don't know what the heck they do judge. I don't know if it's the platform or the app or who's doing what. I understand your phone can listen to you. Your phone can tell people where you are. People are tracing you by your I feel like that record is probably contained in the reports of court decisions. I mean that's not the mystery here. The fact that phones can track us and that you can be driving along with your google maps open and the reason it works is because it knows where you are. But I guess to go back to the Johnson analogy is the data something like the witnesses in Johnson and the follow-up finding out what the data means. Well I think it's still incumbent upon the defendant to identify a person or a record that can exonerate him. You know if he's claiming he said this one will he said this will exonerate him? I don't believe that it can. You know I don't believe the record itself identifies where he is. Someone is going to have to look at that. I don't know if someone with more you know knowledge about these things than I can make that determination by simply looking at that record but I doubt it. You know those records are insufficient to identify where that phone is at any specific time. I think it's you have to do more than come up with a cell phone tower number and I don't know who that would be. You know I'm not that sophisticated in the locational geolocational data of the phone. I think that's incumbent upon the defendant to come up with that information to suggest that. You know there's no other case I'm aware of that puts that obligation on post-conviction counsel to go out and do their own investigation outside the record and I think that's the crux of a defendant's arguments on appeal today. He's displeased with his own private counsel. He's displeased with his court-appointed trial counsel. Everybody could or should have done more for him but the evidence that he's presented is insufficient to justify the relief that he is requesting. You know it was appropriate for the court to dismiss some of these things at the second stage. It was appropriate for the court to dismiss the rest of them at the third stage. The information that was or the evidence that was presented was insufficient. You have a guy that says well I saw another guy with a gun running from the scene and he comes up with that after realizing that his cellmate has been wrongfully incarcerated. I don't think that comes close to rising to exculpatory evidence. The other gentleman's affidavit suggests you know he saw this, he saw that. Well his statement to the police you know shortly after the event is totally an opposite to what he's testifying to now. So the court considered all these things and found them insufficient. So you know on appeal I think if this court could clarify what counsel's duty is, be it private or appointed, it would probably give some insight. I've done a lot of these and it seems to me that this issue is raised time and again and that defendants are raising all kinds of issues that they think could or might or possibly if they were investigated more could lead to evidence that would exonerate them. And the court is left trying to see if there is some basis from which to conclude that there's objection or evidence sufficient to warrant further investigation. Mr. Londrigan, I know that you're short on time and that if you had something else to go into, I'll hold back on my question. I do have a question about this. It seems like in this regarding this question of the geolocational data that your argument suggests two things. One, that counsel post-conviction counsel isn't under an obligation to go out and search out such detailed information that it's an excessive burden on being placed on post-conviction counsel. And then secondarily, in this case, this specific type of information that is an issue, there's nothing to tell us that it could be utilized to determine defendant's location. So they're two different defects in defendant's argument. Is that fair? Yeah, that's fair, Judge. Okay. I just have a question. Let's say take a hypothetical defendant that suggests in a post-conviction petition that he was in some other location on the other side of town and that municipality's cameras that are located at stoplights would have captured his image at the time that the shooting took place on the other side of town and that counsel should have obtained that information. And so in that scenario, you don't have to make a leap as to whether or not it was technologically capable of determining his location because we understand cameras. I guess this would go more towards your argument that post-conviction counsel shouldn't be under such an obligation to go searching out those things. Or maybe you'd say that if defendant suggested that, he should go and make additional investigation. No, I don't feel that he should. I don't think that's a requirement under 651C. I don't think it goes that far to put that burden on post-conviction counsel. I think using the court's example, you would have to attach something to that petition that would suggest that that camera was working, could have taken his image, and in fact, did take his image at being at a different place than what was assumed at trial. And so that's outside the record. And yes, I would argue that's up to someone other than post-conviction counsel. The defendant, you know, can hire a private investigator or whomever. I mean, he hired his own private counsel in this instance. He can hire somebody to present sufficient evidence that such a thing exists. It shouldn't be up for the trial court to try to speculate. I mean, whether or not that camera actually did take an image of him at a location different from what the state is alleging at trial. I mean, are you? Thank you. Thank you. Mr. Lonergan, you're out of time. However, I have one quick question for you. What is our standard of review? Well, I think it's de novo at second stage. And I think at third stage, it's abuse of discretion. I don't know. I didn't take a look at my own brief, Judge. I don't recall, but I think that's the way it goes. Okay, thank you. Is there any rebuttal? Yeah, thank you, Your Honor. I'll start off by asking you the same question I just asked Mr. Lonergan. What is our standard of review? Your Honor, regarding the cell phone data, that is de novo. And as to the claims that counsel did not adequately present, that is also de novo. First, I'd like to discuss that Rule 651C does not directly apply here because counsel was hired at the first stage. She was hired to file that original petition. It's important to remember that she assumed the responsibility of presenting the claims adequately when she agreed to represent David at that stage. And I'm not sure if it matters, but the trial counsel was also privately retained. The state referred to the 1993 Johnson case. And the case found that during second stage proceedings, post-conviction counsel is expected to marshal evidentiary support and present the petitioner's claims into an appropriate legal form. And similarly, in People v. Kloppelberg, found that post-conviction counsel fails to provide reasonable assistance when she fails to present evidentiary support for a claim. We're not suggesting that counsel had to search for claims outside the record. We're arguing that she chose to present these claims in the petition that she originally drafted and filed, and she had a duty to adequately present them. This isn't a phishing expedition where David said, oh, I'm not sure there might be some helpful geolocational data. Someone please check my phone. His affidavit said affirmatively that the cell phone data would show that his phone was not at Oakwood Trace. If counsel did not think that the had merit, I think she had an ethical obligation to agree or not to present them. An attorney appointed on a post-conviction petition who determines the claims are meritless cannot in good faith file an amended PC. It stands to reason that an attorney hired to file the original PC also cannot ethically include meritless claims. At a bare minimum, reasonable assistance must have failing to provide the necessary support and framing claims in a way that they were just doomed from the onset cannot meet even that lowest threshold of reasonable assistance. What we're missing in the record, anything that we're missing to substantiate these claims is because counsel failed to adequately present them. Again, in a petition that she originally filed. Before the trial court, the state argued that counsel's petition failed to adequately state David's claims and his motion to dismiss. Now an appeal wants to argue that she provided reasonable assistance, can't have it both ways. Even if the errors in this case would not independently have required David to be granted relief, there were so many errors that compounded on each other that the outcome of the post-conviction process just isn't reliable. The process just completely collapsed by the time post-conviction counsel failed to present a single claim that could even possibly be successful at the evidentiary hearing. Because David made a substantial showing that he was deprived of the effective assistance of trial counsel, and because post-conviction counsel provided unreasonable assistance throughout the entire post-conviction process, this court should remand the matter for further proceedings. Thank you. Okay, thanks to both of you. The case is now submitted and the court stands in recess until further call.